UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

14 MAR -3 AM 11: 33

CLERK-ALBUQUERQUE
KH

JAMES A. CHESLEK
    Plaintiff

Vs.

DARREN TALLMAN, Esq.
MACHOL & JOHANNES, LLLP
LVNV FUNDING, LLC
    Defendants

Civil Action No. 14 cv 197 WPL/RHS

## COMPLAINT
### PLAINTIFF DEMANDS TRIAL BY JURY

### Jurisdiction and Venue

1. This is an action under the Fair Debt Collection Practices Act, hereinafter "FDCPA", 15 U.S.C. 1692, et seq, the Fair Credit Reporting Act, hereafter "FCRA", 15 U.S.C. 1681, et seq. as well as under the New Mexico Unfair Practices Act 57-12-1 through 57-12-24.

2. Jurisdiction in this case is founded upon 15 U.S.C. 1692k which grants the United States District Courts jurisdiction to hear this action without regard to the amount in controversy.

3. Venue is founded upon 28 U.S.C. 1391(b)(2).

4. Congress found it necessary to pass the "FDCPA" due to rampant practices by dishonorable debt collectors. 15 USC 1692 is entitled "Congressional Findings and Declaration of Purpose" and it states as follows:

    (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasion of individual privacy.

### Parties

5. The plaintiff is James A. Cheslek.

6. Defendant LVNV FUNDING LLC is a company doing business in New Mexico and throughout the United States, whose principal office is PO Box 10497, Greenville, SC 29603, primarily as a consumer debt collection company.

7. Defendant Machol & Johannes LLC is a professional corporation whose principal business is 717 17th Street Suite 2300 Denver, Colorado 80202, primarily as a consumer debt collection firm. Defendant has a local address of 3620 Wyoming Blvd. NE Suite 222, Albuquerque, NM 87111-3297.

8. Defendant Darren Tallman, Esq. is an employee of the defendant Machol & Johannes with a local address of 3620 Wyoming Blvd. NE Suite 222, Albuquerque, New Mexico 87111-3297.

9. All defendants hereinabove are debt collectors as defined by FDCPA, 15 U.S.C. 1692a(6).

10. The Plaintiff, James A. Cheslek, is a consumer as defined by FDCPA, 15 U.S.C. 1692a(3)

## Factual Allegations

11. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

12. Defendant, Darren Tallman, Esq. is an employee of the defendant, Jahonnes & Maholm acting within the scope of his authority.

13. Defendant, Maholm & Johannes is an agent or servant of the defendant, LVNV, acting within the scope of its authority.

14. Defendant, Maholm & Johannes, is liable for the actions of defendant, Darren Tallman under the doctrine of resondeat superior as well as for their own negligent actions.

15. Defendants' were retained to collect a sum of money in the approximate amount of $1,000 from the plaintiff.

16. On July 20, 2012, Defendant, LVNV sued Plaintiff in the Metropolitan Court of Bernalillo County, New Mexico with a case number of T4CV-2012-08708.

17. Defendant Machol & Johannes, LLLP was the collection firm representing Defendant, LVNV Funding, LLC in this lawsuit.

18. Defendant LVNV knew that defendant Machol & Johannes had filed this lawsuit.

19. Defendant LVNV approved of the filing of this lawsuit.

20. The filing of the Metropolitan Court lawsuit was within the line and scope of the agency agreement between defendants LVNV and Machol & Johannes.

21. Plaintiff denies that he is liable for this debt.

22. Nevertheless on July 20. 2012, defendants filed a lawsuit against the plaintiff, James A. Cheslek, in Bernalillo Metropolitan Court under cause number T-4-CV-2012-008708.

23. When an attorney signs a complaint he certifies that "to the best of his knowledge, information and belief formed after a reasonable inquiry, [the complaint] is well grounded in fact and is warranted by existing law." Fed.R.Civ.P 11. Under this rule, attorneys Johannes & Maholm and their employee, Darren Tallman, were required to investigate the factual and legal basis for the claim before filing this lawsuit.

24. Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the validity of a pleading before it is signed and filed. To fulfill his duty, an attorney must investigate the facts, examine the law, and then decide whether the complaint is justified. Johannes & Maholm and its employee, Darren Tallman, failed to discharge this duty.

25. Plaintiff, James A. Cheslek filed an Answer denying the allegations of defendant, LVNV.

26. Defendants, LVNV and Maholm & Johannes received a copy of this denial.

27. Defendants, LVNV and Machol & Johannes understood that plaintiff was denying he owed this debt.

28. During the discovery process it was determined that defendant, LVNV Funding bought this debt from Sherman Originator, LLC who alledgedly bought this debt from Sherman Originator III, LLC who alledgedly bought this debt from FNBM, LLC who alledgedly bought the debt from Credit One Bank.

29. This account was alledgedly opened by Credit One Bank on July 27, 2006.

30. At no time during the pendency of the underlying case were any of the creditors able to produce a signed credit card agreement between the plaintiff, James A. Cheslek and Credit One Bank or any receipts for any purchases on this account.

31. Under New Mexico Rules of Civil Procedure, when a party brings a lawsuit to recover money based on a contract, that party must attach a copy of the contract to the complaint in the lawsuit. Defendants failed to attach a copy of the credit card agreement to the complaint. In fact, defendants were never able to produce a copy of the credit card agreement throughout the entire proceedings in Metropolitan Court.

32. Despite not being able to produce a copy of the credit card agreement Defendants, LVNV Funding,LLC, Machol & Johannes, LLLP and Darren Tallman, Esquire sued for interest and attorneys' fees in violation of the FDCPA.

33. At no time during the pendency of the underlying case were any of the creditors able to produce a single receipt for any purchases alledgedly made on the Credit One Bank credit card.

34. On several occasions during the pendency of the underlying lawsuit the Defendants, LVNV, Johannes & Maholm and Attorney Darren Tallman were ordered by Judge Sandra Clinton to produce a representative of LVNV to give a recorded statement to James Cheslek to establish the validity of the alleged underlying debt.

35. The defendants and each of them disregarded and refused to comply with Judge Clinton's order for a period of six months, forcing Mr. Cheslek to file a Motion to Exclude Witness.

36. On April 24, 2013, the day before the Metropolitan Court trial was to begin, the defendants', without any documents or any witnesses to prove their case, attempted to voluntarily dismiss their collection case without prejudice.

37. On June 11, 2013 the Honorable Sandra J. Clinton, Metropolitan Court Judge, dismissed the collection case with prejudice.

38. Defendants, LVNV Funding, LLC, Machol & Johannes, LLLP and Darren Tallman know that the collection case resulted in a verdict in favor of the plaintiff, James A. Cheslek.

39. Defendants have continued collection activities againt the plaintiff.

40. As of Janaury 1, 2014 defendants have reported and continue to report to the three major credit reporting agencies that this collection account is still an open active account despite the Court's dismissal of this account with prejudice.

41. Defendant LVNV Funding, LLC has a policy and procedure to refuse to properly update credit reports of consumers, like the plaintiff, who do not owe the alleged debt.

42. The reason is to purposely keep false information on the plaintiff's credit report.

43. Defendant LVNV Funding, LLC has promised through its subscriber agreements or contracts to accurately update accounts but defendant LVNV Funding, LLC has wilfully, maliciously, recklessly, wantonly and/or negligently failed to follow this requirement as well as the requirements set forth under the FDCPA and state law, which has resulted in the intended consequences of this information remaining on plaintiff's credit reports.

44. Defendant, LVNV Funding, LLC, assumed a duty, through the subscriber agreement to accurately report accounts and balances and this duty was breached in a negligent, wanton, reckless, wilful, intentional and/or malicious manner.

45. Defendant, LVNV Funding, LLC has a policy to "park" its accounts on consumers' credit reports. This is a term in the industry for keeping a false account on the credit report so that the consumer will be forced to pay money in order to obtain a refinancing or to qualify for a loan or to increase the consumers' credit score from the artificially lowered score which directly resulted from LVNV Funding's intentional and malicious conduct.

46. Defendants know that "parking" a false account will lead to false and defamatory information being published every time the plaintiff's credit report is accessed and this is the malicious and intentional design behind defendants' actions with the goal to force the plaintiff to pay on an account plaintiff does not owe.

47. At all relevant times defendants failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of plaintiff's credit report, concerning the account in question, violating 15 U.S.C. 168 e(b) and state law.

48. LVNV Funding, LLC has a history of improper debt collection activities and was recently fined by the Licensing Board of Maryland the sum of $12,500,000 because it was not properly licensed by the State as either a creditor or a collector. Plaintiff alleges that defendants are not properly licensed in the State of New Mexico.

## Claim for Relief

49. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

50. Defendants' actions constituted a "legal action" prohibited by 15 U.S.C. 1692i and constituted a wilful and wanton abuse of the legal process.

51. By bringing a legal action to collect an amount due to which defendants had no proof, defendants violated 15 U.S.C. 1692 e(2) by falsely representing the validity and amount of the debt.

52. The defendants violated 15 U.S.C. 1692 f(1) in attempting to collect a debt not founded upon any lawful instrument of indebtedness and by adding excessive interest that was similarly unauthorized.

53. The defendants violated 15 U.S.C. 1692 f(1) in attempting to collect a debt not founded upon any lawful instrument of indebtedness and by requesting attorney fees which were similarly unauthorized.

54. The defendants violated 15 U.S.C. 1692 e(2) by filing a lawsuit on which they knew or should have known that the Statute of Limitations had run.

55. On December 15, 2010 the New Mexico Attorney General released a rule concerning the collection of time barred debt in New Mexico. The rule requires debt collectors to determine whether a debt is time barred and to provide certain disclosures when collecting time barred debt in New Mexico. The rule defines time barred debt as "any debt that is not enforceable in a judicial proceeding because the applicable statute of limitations has run."

56. If the debt collector has reason to know or knows a debt is time barred, the collector must inform the consumer of the following:
    a. We are required by New Mexico Attorney General Rule to notify you of the following information. This information is not legal advice.
    b. The debt is or may not be enforceable through lawsuit because the applicable statute of limitations has or may have expired.
    c. If the debt is time barred, the consumer cannot be required to pay through a lawsuit.

57. The defendants violated 15 U.S.C. 1692 e(2) by using false, deceptive, or misleading representations in connection with the attempted collection of this alleged debt.

58. The defendants' actions violated 15 U.S.C. 1692 f(1) in that their actions were an unfair and/or unconscionable means to collect a debt.

59. Defendants failed to adequately conduct a reasonable inquiry that the complaint they filed was well grounded in fact and was waranted by existing law as required by 15 U.S.C. 1681 s-2(b)(1) of the Fair Credit Reporting Act and by Rule 11 of the Fed.R.Civ. P.

60. Defendants continue to report to Equifax that the collection account in question is still an active open account despite the Bernalillo Metropolitan Court's dismissal of the collection case with prejudice in violation of 15 U.S.C. 1681s-2(A) & (B).

61. Defendants continue to report to TransUnion that the collection account in question is still an active open account despite the Bernalillo Metropolitan Court's dismissal of the collection case with prejudice in violation of 15 U.S.C. 1681s-2(A) & (B).

62. Defendants continue to report to Experian that the collection account in question is still an active open account despite the Bernalillo Metropolitan Court's dismissal of the collection case with prejudice in violation of 15 U.S.C. 1681s-2(A) & (B).

63. Defendants violated plaintiff's right of privacy. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practice's Act, when it stated as part of its findings:

> <u>Abusive debt collection practices contribute</u> to the number of personal bankruptcies, to mental instability, to loss of jobs and <u>to invasions of individual privacy.</u>  15 U.S.C. 1692 (a) (emphasis added).

64. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leach Bliley Act, which regulates the privacy of consumer financial data for a broad of "financial institutions" including debt collectors, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.

65. The conduct of the defendants in engaging in the above described illegal collection conduct against plaintiff, and in reviewing plaintiff's credit report without his permission, resulted in multiple intrusions and invasions of privacy by defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

66. The false credit reporting by the defendants to the three credit reporting agencies also resulted in invasions of privacy of the plaintiff.

67. As a result of all the intrusions and invasions of privacy, as well as the violations of the FDCPA and the FCRA plaintiff is entitled to actual damages in an amount to be determined at trial from the defendants pusuant to section 1692 e(8) of the FDCPA and sections 616 and 617 of the FCRA.

68. All acts of defendants were committed with malice, intent, wantonness, and/or recklessness and as such defendants are subject to punitive damages.

WHEREFORE, Plaintiff demands judgment jointly and severally against the defendants herein for:

a. Actual damages

b. Statutory damages of $1,000 per violation

c. Punitive damages

d. Court costs and fees and

e. Such other relief that the Court feels is just and proper.

James A. Cheslek, Pro Se

*James A. Cheslek*

5515 Havasu Ave. NW
Albuquerque, NM 87120
505-559-5213

PLAINTIFF DEMANDS TRIAL BY JURY IN THIS CASE.

James A. Cheslek, Pro Se

*James A Cheslek*

5515 Havasu Ave. NW
Albuquerque, NM 87120
505-559-5213